IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEROME HARDENE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:05CV0010 RWS |
| | ) |
| JOHN YOUNG, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the pro se petition of Missouri state prisoner Jerome Hardene for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As set forth below, habeas relief shall be denied without prejudice, due to Petitioner's failure to exhaust state remedies.

**BACKGROUND**

The relevant facts, gleaned from the record, are as follows. On April 14, 2000, Petitioner pled guilty in the Circuit Court of St. Charles County, Missouri, to one count of forgery. (Respondent's Ex. A at 12-23.) On the same day, the circuit court sentenced Petitioner to six years' imprisonment, suspended the sentence, and placed him on five years' probation, pursuant to Mo. Rev. Stat. § 559.115 (Missouri's "call back" statute). On January 10, 2002, the court denied a motion by the State for probation revocation, and continued Petitioner's probation, with a condition of six-months' house arrest (to be monitored by an ankle bracelet device).

1

On March 24, 2003, Petitioner was arrested with another individual who was caught using a credit card obtained by using a false I.D., and who implicated Petitioner as the person who had provided her with the false I.D. Petitioner was soon released from custody, and the next day, March 25, 2003, a search warrant was obtained to search Petitioner's residence, and a search was conducted by state and federal officers.

On April 5, 2003, Petitioner cut off his electronic monitoring bracelet and went to Illinois, allegedly to check on a break-in into his business there. On April 7, 2003, Petitioner's probation officer, Diana Fluellen, filed a probation violation report against Petitioner, based upon the March 24, 2003 arrest, and the later removal of his electronic monitoring bracelet. On April 28, 2003, the State filed a motion for probation revocation. A probation revocation hearing was held on August 12, 2003, at which Fluellen and Petitioner testified about the removal of the monitoring bracelet, and the March 24, 2003 arrest. Id. at 38-46. On the same day as the hearing, the court revoked Petitioner's probation, and ordered him incarcerated under Missouri's "call back" statute for "shock time," to be completed on December 13, 2003. In revoking Petitioner's probation, the court did not specify which ground or grounds supported the revocation.

On October 8, 2003, Petitioner was charged by federal indictment with several charges related to the false ID/credit card operation. In December 2003, Fluellen filed a new probation violation report, based upon Petitioner's indictment, and on January 9, 2004, the State filed a motion for probation revocation. On May 24, 2004, Petitioner pled guilty in federal court to one count of attempted use of an unauthorized access device. Case No. 4:03CV609-CEJ-1 (E.D. Mo.).

2

On January 23, 2004, Petitioner filed a state post-conviction motion in the Circuit Court of St. Charles County, Missouri, to vacate, set aside, or correct his sentence, listing the August 12, 2003 probation revocation as the sentence he was challenging.[1] He asserted that his counsel was inadequate in several regards with respect to the revocation hearing, including by failing to call a certain witness and failing to raise Plaintiff's financial and medical problems. (Respondent's Ex. A at 57-61.) On July 14, 2004, with the assistance of appointed counsel, Petitioner filed an amended motion to set aside the underlying state forgery conviction. In the amended motion, Petitioner argued that his plea counsel had rendered ineffective assistance in allowing Petitioner to plead guilty when Petitioner was taking Vicodin, and that Petitioner's plea was not voluntary because the Vicodin eliminated his ability to think clearly. Id. at 63-75.

On August 19, 2004, the State withdrew its pending motion to revoke Petitioner's probation, and filed a new such motion, asserting Petitioner's guilty plea in federal court as grounds for revocation. On September 23, 2004, the state court revoked Petitioner's probation again and ordered execution of his six-year sentence on the state forgery conviction. Id. at 24-25.[2] On November 18, 2004, Petitioner filed a pro se petition for habeas corpus in the Circuit Court of St. Louis County, claiming that the September 23, 2004 probation revocation was unconstitutional due to Fluellen's allegedly false December 2003 probation violation report, prosecutorial misconduct, illegal arrest, illegal

---

[1] The filed-stamped date of January 23, 2003, is obviously an error.

[2] Comments by the parties suggest that a revocation hearing was held on September 23, 2003, but the state court docket sheet does not so state.

search and seizure, illegal evidence, double jeopardy, false testimony, and ineffective assistance of counsel.  (Petitioner's Reply Ex. 3.)  On February 1, 2005, Petitioner was sentenced on the federal charge to 100 months' imprisonment.

On May 17, 2005, an evidentiary hearing was held on Petitioner's state post-conviction motion to set aside his guilty plea in the forgery case, with Petitioner testifying by deposition.  On May 25, 2005, the state court denied Petitioner's motion, finding his testimony not credible.  Id. at 104-06.  Petitioner filed a notice of appeal.  Respondent in the present case has not provided the record of the post-conviction appeal.  The Court notes that Petitioner's challenges to his guilty plea in the state forgery case are the subject of a separate federal habeas case filed by Petitioner -- Case No. 4:07CV1062 JCH.

The main point asserted by Petitioner in the present federal habeas action, filed on January 3, 2005, appears to be that his constitutional rights were violated by the revocation of his probation on September 23, 2004, based upon the same conduct for which probation was revoked previously on April 12, 2003.  Petitioner also argues that he is entitled to habeas relief because (1) Probation Officer Fluellen lied in her April 2003 probation violation report and at the August 2003 revocation hearing; (2) the prosecutor engaged in misconduct by knowing about Fluellen's false statements, and allowing Petitioner's probation to be revoked twice based upon the same conduct; (3) the September 23, 2004 probation revocation was unconstitutional because the conviction of the federal charge was obtained by means of an unconstitutional arrest on March 24, 2003, and an unconstitutional search of Petitioner's residence on March 25, 2003, and in violation of Petitioner's right against self-incrimination; (4) the September 2004

4

probation revocation violated Petitioner's double jeopardy rights because it was based on the same conduct as the previous revocation; (5) Petitioner's counsel in the probation revocation process rendered ineffective assistance, by, among other things, omitting relevant facts from her motion to dismiss the State's (August 2004) motion for probation revocation; and (6) the prosecuting attorney at the August 12, 2003 probation revocation hearing withheld exculpatory evidence.[3]

Respondent argues that Petitioner's claims should be dismissed without prejudice as they have not been exhausted in state court, and avenues to present the claims to the state courts exist. Respondent argues alternatively that Petitioner's claims are without merit.

## DISCUSSION

**Exhaustion**

As the Court reads the federal habeas petition before this Court, all the claims relate to Petitioner's September 23, 2004 probation revocation and execution of his six-year sentence of imprisonment.[4] Respondent asserts that none of these claims have been presented to the state courts.

---

[3] The pro se habeas petition in this case is not entirely coherent. The Court's numbering and description of Petitioner's claims differ from their presentation by Petitioner and Respondent.

[4] In opposition to the State's motion to consolidate this case with the other habeas action filed by Petitioner in this Court (Case No. 4:07CV1062 JCH), Petitioner explained that the claims in the other action involve the voluntariness of his April 20, 2000 guilty plea due to his being on medication at the time, whereas the claims in this action involve the constitutionality of his probation revocation. (Doc. # 14.)

As a matter of comity, the state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). A federal habeas petitioner is thus required to exhaust all available avenues of relief in the state courts before the federal courts will consider a claim. 28 U.S.C. § 2254(b) & (c). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Compliance with the exhaustion requirement is excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Respondent asserts that Petitioner can challenge the probation revocation in a state habeas corpus action, and this indeed appears to be the case. See State ex rel. Nixon v. Jaynes, 73 S.W.3d 623, 624 (Mo. 2002) (en banc) (stating that state habeas corpus proceedings "are properly invoked to challenge an improper probation revocation"). Because Respondent has asserted a failure to exhaust, it is Petitioner's burden to show that he has satisfied the exhaustion requirement or that exceptional circumstances exist. See Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998); Jones v. Dwyer, 2007 WL 1747007, at *2 (E.D. Mo. June 18, 2007).

Here, in reply to Respondent's response to the Court's Order to Show Cause, Petitioner has filed with the Court a copy of the first page of a petition for state habeas corpus, which he filed pro se on November 18, 2004, with the Circuit Court of St. Louis

County. Although an incomplete copy was filed herein, that petition appears to raise the same grounds raised in the present federal habeas action. Petitioner, however, states that the state court has taken no action on this petition.[5] Thus, he has failed to exhaust state remedies. See Jones v. Solem, 739 F.2d 329, 331(8th Cir. 1984) (affirming dismissal, without prejudice, of a § 2254 petition due to petitioner's failure to exhaust state remedies where petitioner's appeal from the denial of a state post-conviction action was still pending in state court when he filed his federal habeas action).

Here Petitioner's state habeas petition had been pending for less than two months when he filed the present action. This Court finds that no special circumstances have been established to waive the exhaustion requirement. See Walsh v. Denny, No. 5:05CV2235 JCH, 2006 WL 156714, at *1-2 (E.D. Mo. Jan. 20, 2006) (dismissing federal habeas petition without prejudice on exhaustion grounds where petitioner had not yet appealed the denial of his state post-conviction motion, which had not been ruled on for approximately one year) (citing Jones, 739 F.2d at 331 (holding that facts that it took the state one year to deny petitioner's state post-conviction motion, and that pending appeal process might go beyond the time petitioner would be released on parole, did not excuse exhaustion requirement where petitioner did not show any additional factor, such as that state's delay was a result of discrimination or that the state had been unnecessarily and intentionally dilatory, beyond the delay itself)).

---

[5] The Court has no idea what, if anything, has transpired with respect to this state habeas petition. Respondent previously asserted that no petition was filed, and this Court finds no reference to the petition in Case.net. The only evidence of the filing is a copy of the file-stamped first page of the petition that Petitioner recently provided to this Court.

**CONCLUSION**

The Court concludes that the present action for federal habeas relief should be dismissed without prejudice, due to Petitioner's failure to exhaust his state remedies. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a Certificate of Appealability); Langley v. Norris, 465 F.3d 861, 862-63 (8th Cir. 2006) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jerome Hardene for habeas corpus relief is **DISMISSED** without prejudice for failure to exhaust.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2008.